```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | |
|---|---|
| KELI D. KASSA, | * |
|     Plaintiff, | * |
| vs. | *    CASE NO. 4:16-CV-333 (CDL) |
| LIFEPOINT HEALTH, INC., | * |
|     Defendant. | * |

O R D E R

Plaintiff Keli Kassa worked for St. Francis Hospital in Columbus, Georgia. She brought this action against the hospital's parent corporation, LifePoint Health, Inc., claiming age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* LifePoint Health, Inc. filed a motion to dismiss, arguing that Kassa did not timely file her Complaint in this action. For the reasons set forth below, LifePoint Health Inc.'s motion (ECF No. 7) is granted.

Both the ADEA and the ADA require plaintiffs to exhaust administrative remedies by filing a charge of discrimination with the appropriate administrative agency before filing suit. 29 U.S.C. § 626(d)(1); 42 U.S.C. § 12117(a); (stating the procedures set forth in 42 U.S.C. § 2000e-5 apply in employment actions under the ADA); 42 U.S.C. § 2000e-5. If the

administrative agency dismisses the charge or otherwise terminates the proceedings, the agency must send the plaintiff notice of that decision; once the plaintiff receives that notice, she may file a civil action within ninety days.  29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).  "Dismissal is appropriate when the plaintiff fails to file her lawsuit within 90 days of receiving a right-to-sue letter, unless she shows that the delay was through no fault of her own."  *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) (per curiam).  "Once the defendant contests the issue, the plaintiff bears the burden of establishing that she filed her claim within 90 days of receiving the notice." *Id.*

Kassa asserts that she brought this action within ninety days after receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").  She filed a charge of discrimination with the EEOC on June 23, 2016, alleging that she was suspended and terminated from her job because of her age and disability in January 2016.  Compl. ¶ 5, ECF No. 1; Compl. Ex. A, June 2016 EEOC Charge, ECF No. 1-1.  Kassa named LifePoint Health, Inc. as her employer with a street address of 2122 Manchester Expressway in Columbus, Georgia and an alternate address of 330 Seven Springs Way in Brentwood, Tennessee.  June 2016 EEOC Charge.  Kassa received a right-to-sue letter on July 25, 2016.  Compl. ¶ 6; Compl. Ex. B, July 2016 Right-to-Sue Letter, ECF No. 1-2.  She filed this action within ninety days, on October 13, 2016.

Based on these facts, standing alone, Kassa's present action would be timely. But that is not the end of the story.

LifePoint Health, Inc. argues that this action is untimely because Kassa previously filed an EEOC charge regarding her suspension and termination, received a right-to-sue letter, and filed a civil action in this Court but dismissed it without prejudice. All of the records relating to the prior EEOC charge, prior right-to-sue letter, and prior action were filed in this Court, and the Court "may take judicial notice of its own records." *Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015) (per curiam) (quoting *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987)).

Kassa filed a charge of discrimination with the EEOC on February 26, 2016, alleging that she was suspended and terminated from her job because of her age and disability in January 2016. 4:16-cv-192 Compl. Ex. A, Feb. 2016 EEOC Charge, ECF No. 1-1 in 4:16-cv-192. Kassa named "LifePoint Health" as her employer with a street address of 2122 Manchester Expressway in Columbus, Georgia. Feb. 2016 EEOC Charge. The only difference between Kassa's February 2016 EEOC charge and her June 2016 charge is that she named "LifePoint Health" instead of "LifePoint Health, Inc." in February and she only provided the 2122 Manchester Expressway address. Kassa received a right-to-sue letter on March 17, 2016. 4:16-cv-192 Compl. ¶ 6, ECF No. 1 in 4:16-cv-192. She filed her

3

prior action on June 8, 2016; that action was against "LifePoint Health Solutions, LLC."  At some point, Kassa learned that LifePoint Health Solutions, LLC is not the parent company of St. Francis Hospital.  Instead of seeking to amend her Complaint to add LifePoint Health, Inc., Kassa filed a notice of voluntary dismissal on June 20, 2016.

LifePoint Health, Inc. argues that the Court should disregard the second EEOC charge as an improper attempt to restart the 90-day clock for filing Kassa's lawsuit.  Kassa, on the other hand, contends that the Court should disregard her first EEOC charge and right-to-sue letter because she named "LifePoint Health" and not "LifePoint Health, Inc." in her original EEOC charge.  Kassa contends that these are completely different entities and that LifePoint Health Inc. was not named in the first EEOC charge. Kassa did not name LifePoint Health Solutions, LLC in either EEOC charge.

The Court finds Kassa's argument to be unpersuasive.  In both EEOC charges, Kassa states that she worked for St. Francis Hospital and that an entity called LifePoint Health (or LifePoint Health, Inc.) acquired St. Francis shortly before her termination. And in both her Complaints, it is clear that Kassa intends to bring suit against the LifePoint Health that acquired St. Francis Hospital.  Thus, the Court finds that "LifePoint Health" named in

4

the first EEOC charge is the same entity as "LifePoint Health, Inc." named in the second EEOC charge.

Kassa's second EEOC charge is based on the exact same facts as her first EEOC charge. Both right-to-sue letters are likewise based on the same facts. The Court agrees with the rationale of *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) (per curiam) and finds that under the circumstances presented here, the question whether Kassa's present action is time-barred "must be determined with reference to only the first Notice of Right to Sue." *Id.* "Otherwise, the time limitations of 42 U.S.C. § 2000e-5(f)(1) [and 29 U.S.C. § 626(e)] would be meaningless, because potential . . . plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased." *Id.* Here, Kassa did not file this action within ninety days after receiving the right-to-sue letter following her February 2016 EEOC charge. This action is therefore time-barred.

## CONCLUSION

As discussed above, LifePoint Health Inc.'s motion to dismiss (ECF No. 7) is granted.

IT IS SO ORDERED, this 6th day of February, 2017.

                                              s/Clay D. Land
                                              CLAY D. LAND
                                              CHIEF U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA